UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHRISTOPHER PASATIERI,

                        Plaintiff,

          - against -

STARLINE PRODUCTIONS, INC.,

                      Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-4688 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Christopher Pasatieri brought this action on August 20, 2018, alleging that

Defendant Starline Productions, Inc., without authorization, reproduced and published a

copyrighted photograph of a Star Wars character cosplay[1] owned and registered by Plaintiff (the

"Photograph"), in violation of Section 501 of the Copyright Act ("the Act"), 17 U.S.C. § 501. An

entry of default having been issued against Defendant, Plaintiff now moves for default judgment,

actual damages, and costs. For the reasons set forth below, Plaintiff's motion is granted in part

and denied in part.

## BACKGROUND

Plaintiff is a New York-based professional photographer and the author of the Photograph

(Complaint ("Compl."), Dkt. 1, ¶¶ 5, 12), which depicts a character from the Star Wars universe

(*see* Exhibit A, Dkt. 1-1). Defendant is a for-profit business organized and existing under the laws

of New York with a place of business in Brooklyn, New York. (Compl., Dkt. 1, ¶¶ 6, 8.)

Defendant, which operates the print magazine and website *Cosplay Culture* (*id.* ¶ 7), allegedly

---

[1] "Cosplay" is "the activity or practice of dressing up as a character from a work of fiction
(such as a comic book, video game, or television show). *See Cosplay*, *Merriam-Webster
Dictionary*, https://www.merriam-webster.com/dictionary/cosplay (last visited January 9, 2020).

printed the Photograph without authorization from Plaintiff in the December/January 2018 issue of *Cosplay Culture*, in an article titled "'Mazing Mandos – The Mandalorian Mercs" (*id.* ¶¶ 10, 15; *see* Exhibit C, Dkt. 1-3).  Plaintiff owns all rights in the Photograph and had registered the Photograph with the U.S. Copyright Office under Copyright Registration Number VA 2-103-277, effective as of May 15, 2018.  (Compl., Dkt. 1, ¶¶ 12−14; *see* Exhibit B, Dkt. 1-2.)

## PROCEDURAL HISTORY

Plaintiff filed the instant action on August 20, 2018.  (*See* Compl., Dkt. 1.)  Plaintiff has also filed an Affidavit of Service confirming that two true and correct copies of the Summons; Complaint with Exhibits A, B, and C; Civil Cover Sheet; and this Court's Individual Rules were served on Defendant on September 14, 2018.  (Dkt. 16-2.)  To date, Defendant has failed to appear, plead, or otherwise respond to the Complaint.  The applicable time limit for answering or otherwise responding to the Complaint has expired, and the Clerk's Certificate of Default was entered on February 13, 2019.  (Dkt. 11.)  Plaintiff filed a motion for default judgment on August 20, 2019.  (Dkt. 15.)  To date, Defendant has failed to file a response to Plaintiff's motion for default judgment.

## STANDARD OF REVIEW

The procedure for entry of a default judgment is governed by Federal Rule of Civil Procedure 55(a), which provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Accordingly, courts in this circuit have outlined a two-step process: "first, the entry of a default, and second, the entry of a default judgment."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  The entry of default

"formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.*; *see also Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting that default judgments "track[] the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party"); *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (internal quotation and citations omitted)). Second, the entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."[2] *Mickalis Pawn Shop*, 645 F.3d at 128.

"[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A district court deciding a motion for default judgment "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). However, "a district court need not agree that the alleged facts constitute a valid cause of action," *Mickalis Pawn Shop*, 645 F.3d at 128 (internal quotation and citation omitted), and the court therefore must "determine whether [a plaintiff's] allegations establish [a defendant's] liability as a matter of law," *Finkel*, 577 F.3d at 84.

---

[2] Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

**DISCUSSION**

**I.       Liability**

Plaintiff brings this action against Defendant to enforce his rights under §§ 106 and 501 of the Act, 17 U.S.C. §§ 106, 501. (Compl., Dkt. 1, ¶ 20.) The relevant subsections of the Act vest the owner of a copyright with

> the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . .

17 U.S.C. § 106(1)–(3). Thus, the Act is a "strict liability regime" that "makes parties who infringe on [the copyright holder's] rights liable for damages, regardless of whether they had knowledge that the content was infringing." *BWP Media USA Inc. v. Polyvore, Inc.*, 922 F.3d 42, 47 (2d Cir. 2019) (citing 17 U.S.C. § 504). In order to establish infringement of a copyright under the Act, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.* at 61 (Newman, J., concurring in the result) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Ownership of a valid copyright "can be established by the introduction into evidence of a Copyright Office certificate of registration," which is sufficient to establish validity for the purpose of default judgment. *Sheldon v. Plot Commerce*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *11–12 (E.D.N.Y. Aug. 26, 2016) (internal quotation omitted), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). Here, Plaintiff has submitted the Certificate of Registration for the Photograph, which bears an effective date of registration of May 15, 2018 (*see* Exhibit B, Dkt. 1-2) and names Plaintiff as the author of the Photograph and the copyright claimant (*id.* at 1). The Court concludes that Plaintiff has established his ownership of a valid copyright for the Photograph.

In order to establish the second element, Plaintiff must meet a "minimal" burden to show that the Photograph is his original work and allege a violation of his exclusive rights under § 106. *Sheldon*, 2016 WL 5107072, at *11.  "The requirements for originality are 'modest.'"  *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016) (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1321 (2d Cir. 1989)).  Indeed, as used in copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns*, 499 U.S. at 345.  For photographs, originality "may be founded upon . . . [their] subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *E. Am. Trio Prods. Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000) (footnote omitted).

Plaintiff has established the second element of copyright infringement through the allegations in his Complaint.  The originality of the Photograph can be inferred from Plaintiff's claim to be the author of the Photograph, as well as his allegations about elements unique to the photograph, such as the choice of Star Wars subject matter, lighting, kind of camera, and angle of photography.  *See E. Am. Trio Prods. Inc.*, 97 F. Supp. 2d at 417; *see also Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB) (SJB), 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019) ("Photographs are often found to be original works."), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).  Plaintiff also adequately alleges that Defendant published an article featuring the Photograph (Compl., Dkt. 1, ¶ 15), despite the fact that "Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph" (*id.* ¶ 19).

Accordingly, the Court finds that Defendant is liable for copyright infringement under § 106 of the Act.

## II. Damages

Because Plaintiff has established Defendant's liability under the Act, Plaintiff is entitled to damages. However, on a motion for default judgment, the Court will not accept as true Plaintiff's factual allegations related to damages. *See J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (citing *Au Bon Pain*, 653 F.2d at 65). Rather, "[t]he [C]ourt must be satisfied that Plaintiff has met the burden of proving damages to the [C]ourt with 'reasonable certainty.'" *Id.* (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such a determination without a hearing when supported by sufficiently detailed affidavits and documentary evidence." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Once liability for infringement has been established under the Act, a plaintiff can elect to pursue either actual or statutory damages. *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019) (citing *Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993)), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019).

### A. Actual Damages

An award of actual damages "undertakes to compensate the [copyright] owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001) (citations omitted). Section 504(b) of the Act, which applies to actual damages,

provides in relevant part that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b).

Here, Plaintiff alleged that he is entitled to "actual damages and Defendant's profits, gains or advantages of any kind" attributable to Defendant's copyright infringement (Compl., Dkt. 1, ECF[3] 4), as well as "pre-judgment interest" (*id.* at ECF 5). Upon Defendant's default, Plaintiff revised his request to consist of actual damages, including Defendant's "ill-gotten gains," and costs. (Declaration in Support of Motion for Default Judgement ("Pl.'s Decl."), Dkt. 16, ¶¶ 13, 15, 17.)

"Courts have adopted a wide range of methods by which to measure actual damages in copyright infringement actions, including the award of lost licensing fees . . . ." *Antenna Television v. Aegean Video Inc.*, No. 95-CV-2328 (ERK) (ASC), 1996 WL 298252, at *1 (E.D.N.Y. 1996). In order to calculate an award of lost licensing fees, courts in this circuit rely upon "the market value of the fee the owner was entitled to charge for such use." *On Davis*, 246 F.3d at 165; *see also Sheldon*, 2016 WL 5107072, at *14–15 (applying *On Davis* to award actual damages in an amount "representing the licensing fees [the plaintiff] would have received from [the defendant] for the licensing of [plaintiff's photograph]"). A claim for actual damages must also be "*reasonable* according to typical market values." *Sheldon*, 2016 WL 5107072, at *14 (emphasis added) (citing *On Davis*, 246 F.3d at 166); *see also Renna*, 2019 WL 1061259, at *4 ("[S]ome reasonable basis for computation [of actual damages] has to be used, even though the calculation

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not to the document's internal pagination, if any.

may only be approximate.") (internal quotation and citation omitted). An award of actual damages "may not be based on undue speculation." *On Davis*, 246 F.3d at 166 (internal quotation and citation omitted).

In his motion filings, Plaintiff requests $5,000 in actual damages under 17 U.S.C. § 504(b) and $440 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (*See* Notice of Motion, Dkt. 18, at 1; Pl.'s Decl., Dkt. 16, ¶¶ 13, 17.) Plaintiff correctly notes that the fair market value of the Photograph is "what Plaintiff would have been reasonably entitled to charge had Defendant contacted her [sic] to obtain permission" to publish the Photograph. (Pl.'s Decl., Dkt. 16, ¶ 14.) Plaintiff then, without any supporting documentation, avers that "he would have been entitled to charge up to $2500.00 for use of the Photograph in the manner used by Defendant." (*Id.*)

This is precisely the sort of undue speculation that courts have cautioned against, as Plaintiff has failed to submit any documentary evidence—such as invoices for Plaintiff's past licensing fees for his photographs or the Photograph itself—that would support his estimate of $2,500 as the lost licensing fee for the Photograph. Indeed, Plaintiff's request has no basis other than its repetition in both his Statement of Damages (Dkt. 17) and the Declaration of Richard Liebowitz (Dkt. 16), who is Plaintiff's counsel.[4] These submissions do not provide a sufficient or competent basis for the Court to rely on in determining the fair market value of the licensing fee for the Photograph, as the filings contain no points of reference that even hint at an appropriate

_____

[4] The Court notes, too, that "Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in [the Southern District of New York] alone in the past twenty-four months." *McDermott v. Monday Monday, LLC*, No. 17-CV-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018). A separate court in that district pointed out Mr. Liebowitz's "repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements." *Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018) (collecting cases).

fair market value for the licensing fee Plaintiff could or would have charged Defendant for its use of the Photograph.

The Court is well within its discretion to deny Plaintiff's application for $2,500 in licensing fees that Plaintiff would have charged Defendant. *See, e.g.*, *Renna*, 2019 WL 1061259, at *4 (denying without prejudice request for actual damages where the plaintiff did not submit documentation that allowed the court to ascertain the market value of the images); *Mango v. Northside Media Grp., LLC*, No. 18-CV-5504 (ENV) (JO), 2019 WL 4262018, at *2 (E.D.N.Y. Aug. 6, 2019) (limiting actual damages to the minimum amount supported by plaintiff's submission of "a copy of a summary of the licensing fees for his photographs from 2005-2018"), *report and recommendation adopted*, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019); *see also Sheldon*, 2016 WL 5107072, at *15 (determining actual damages based on plaintiff's provision of "other licensing agreements showing that he has previously licensed photographs to other websites similar to [defendant's website]").

Accordingly, the Court denies Plaintiff's request for $2,500 in lost licensing fees.

### B.    Defendant's Profits

Because Plaintiff seeks a total award of $5,000 under § 504(b) of the Act, the Court infers that the $2,500 difference between this $5,000 amount and the $2,500 amount requested for Plaintiff's lost licensing fees, discussed *supra*, is Plaintiff's estimate of the profits that Defendant obtained from its unauthorized use of the Photograph. *See* 17 U.S.C. § 504(b). Plaintiff refers to this amount as "Defendant's Ill-Gotten Gains." (Pl.'s Decl., Dkt. 16, ¶ 15.)

Plaintiff acknowledges that, "[b]ecause Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph." (*Id.*)  But, rather than estimate Defendant's profits, Plaintiff merely points to case law noting that actual damages should be

"broadly construed to favor victims of infringement." *On Davis*, 246 F.3d at 164. Plaintiff presumably estimates Defendant's profits based on the amount claimed in lost licensing fees, *i.e.*, $2,500, although even this inference is not clearly stated in Plaintiff's filings. Therefore, and just as the Court denies the $2,500 award for Plaintiff's lost licensing fees due to the absence of any supporting documentation or other competent evidence, the Court similarly has no basis on which to award to Plaintiff $2,500 in Defendant's profits from its use of the Photograph. "While it is true that a plaintiff can recover defendant's profits from the use of the photograph, Plaintiff does not provide any information from which the Court could reliably ascertain such profits, if any." *Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *5 (S.D.N.Y. Aug. 3, 2018) (awarding only actual damages for copyright infringement in an amount "appropriate based on the fee [plaintiff] charged for a similar image" and declining to award damages for Defendant's profits), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).

Accordingly, the Court denies Plaintiff's request of $5,000 for actual damages without prejudice and with leave to renew, so long as Plaintiff provides supporting evidence with "some reasonable basis for his computation[s]." *Renna*, 2019 WL 1061259, at *4 (internal alterations, quotation, and citation omitted).

## III. Costs

With regard to the recovery of costs, the Act provides that

[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The applicable Federal Rule of Civil Procedure similarly provides that prevailing parties are entitled to recover their costs, other than attorney's fees, in the absence of a specific

statute. *See* Fed. R. Civ. P. 54(d)(1). Here, the Court's discretion to award costs is governed by § 505 of the Act rather than the more general cost-shifting provision. *See Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404−05 (S.D.N.Y. 2004).

Because the Court has denied Plaintiff's application for damages, the Court exercises its discretion not to award costs at this time, pending Plaintiff's submission of evidence supporting his request for an award of actual damages. *Compare Renna*, 2019 WL 1061259, at *4 (not reaching the analysis of costs where plaintiff did not provide adequate documentation to support his request for actual damages), *with Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 5458798, at *3 (E.D.N.Y. Oct. 2, 2019) (reaching the matter of Plaintiff's costs after granting an award of actual damages), *report and recommendation adopted*, 2019 WL 5457735 (E.D.N.Y. Oct. 24, 2019).

The Court therefore denies without prejudice Plaintiff's requested award of $440 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted as to liability; denied, without prejudice, as to damages; and denied, without prejudice, as to costs. Plaintiff must file any motion for damages and costs within thirty (30) days of the date hereof.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 14, 2020
        Brooklyn, New York