UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHRISTOPHER PASATIERI,

               Plaintiff,

                                                 MEMORANDUM AND ORDER
          -against-                           18-cv-4688 (RPK) (VMS)

STARLINE PRODUCTIONS, INC.,

               Defendant.
---------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Christopher Pasatieri filed this lawsuit alleging that Starline Productions, Inc. infringed his copyright in a Star-Wars themed image, in violation of 17 U.S.C. § 501, through the unauthorized publication of the image in Starline's magazine, *Cosplay Culture*. Pasatieri requested and received a default judgment of liability against Starline. But his request for damages was denied because he lacked the evidence to support his money demand. Pasatieri returns with a reduced request and additional evidence, but not enough to change the outcome. His revised motion for damages and costs is again denied without prejudice.

## BACKGROUND

        In December 2016, Christopher Pasatieri, a professional photographer, took a photograph depicting a person dressed up as a Star Wars character—an armored Mandalorian—holding a Stormtrooper's helmet against his forehead. Compl. (Dkt. #1) ¶ 5; Compl. Ex. A (Dkt. #1-1); Compl. Ex. B (Dkt. #1-2). Pasatieri registered the photograph with the U.S. Copyright Office, Compl. Ex. B (Dkt. #1-2), and provided it to Lucasfilm's costuming groups for promotional use, Decl. of Christopher Pasatieri (Dkt. #21) ¶ 2. To date, he has not collected any fees for licensing the image. *Id.* ¶ 2, 4. Starline Productions, Inc., allegedly published Pasatieri's photograph, without his permission, in the print magazine *Cosplay Culture*. Compl. (Dkt. #1) ¶¶ 7, 15, 17.

The photograph accompanied an article entitled "'Mazing Mandos – The Mandalorian Mercs." Compl. Ex. C (Dkt. #1-3).

Pasatieri sued, claiming that Starline violated Section 501 of the Copyright Act, 17 U.S.C. § 501. Although Starline was served with the complaint and a summons, Aff. of Service (Dkt. #7), Starline never appeared, so the clerk certified its default, Clerk's Certificate of Default (Dkt. #11). Soon after, Pasatieri moved for default judgment as to liability, damages, and costs, seeking $5,000 in actual damages and $440 in costs. Pl.'s Notice of Mot. (Aug. 20, 2019) (Dkt. #15).

The motion was granted in part and denied in part. Judge Chen found that Starline was liable for copyright infringement under the Copyright Act. Mem. & Order 6 (Jan. 14, 2020) (Dkt. #19). But she denied the request for damages and costs. *Id.* at 6-11. In doing so, she construed Pasatieri's damages request as seeking $2,500 in lost licensing fees and $2,500 in ill-gotten profits, in addition to $440 in costs. *Id.* at 9-11. Judge Chen then found that Pasatieri's only evidence supporting his request for damages—a declaration from his attorney without supporting documents—was not enough to substantiate his request. *Id.* at 8-9. Because Judge Chen denied Pasatieri's application for damages, she also declined to award costs. *Id.* at 11. These denials were without prejudice and with leave to renew. *Id.* at 10-11.

Pasatieri has now submitted a revised application for damages and costs. This time, he requests $2,500 in actual damages and $440 in costs. Pl.'s Notice of Mot. (Feb. 20, 2020) (Dkt. #20). For support, he has submitted a declaration in which he himself "estimate[s] that the fair market value for the image, in the manner used by Defendant, is $2500." Decl. of Christopher Pasatieri (Dkt. #21) ¶ 4. And he has attached a screenshot that shows the output from a price calculator on the website of Getty Images, "the leading stock photography agency," estimating the

license fee for a different "Star Wars-related image . . . for use in a half-page advertisement in magazine, for a period of five years." *Id.* ¶ 5.

## DISCUSSION

Pasatieri's renewed request for damages remains unsubstantiated. In general, a default judgment establishes legal liability, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), but "the allegations in the complaint with respect to the amount of damages are not deemed true," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Instead, a district court must "ascertain the amount of damages with reasonable certainty." *Ibid.* This "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Ibid.* Where, as here, a party seeks to recover actual damages under Section 504(b) of the Copyright Act, the proper rule considers "the fair market value of a license covering the defendant's infringing use." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001), *as amended* (May 15, 2001). That value reflects "the reasonable license fee on which a willing buyer and a willing seller would have agreed for the use taken by the infringer." *Id.* at 167. To be sure, "some difficulty in quantifying the damages attributable to infringement should not bar recovery." *Ibid.* But there must at least be "some reasonable basis for his computation[s]." Mem. & Order 10 (Jan. 14, 2020) (Dkt. #19) (quoting *Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-cv-3378 (DRH) (SIL), 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019)).

Pasatieri has not provided a reasonable basis to substantiate his request for $2500 in actual damages. Neither his personal estimate nor his price calculator provides a reasonable basis to think that this number reflects the fair market value of a license covering Starline's alleged infringing use. His personal estimate is not enough because a district court must do more than

3

"just accept [a party]'s statement of the damages." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

And the estimate derived from the Getty Images price calculator is not enough, because it results from unreasonable parameters. For one, Pasatieri estimated the license fee "for use in a half-page advertisement" in a print magazine. Decl. of Christopher Pasatieri (Dkt. #21) ¶ 4. But Pasatieri has not alleged that his photograph was used in a print advertisement; he alleged only that "[t]he Magazine contains substantial advertising, including adjacent to the Defendant's unauthorized use of the Photograph." Compl. (Dkt. #1) ¶ 10. For another, Pasatieri estimated a fee for a license that would cover use for "[u]p to 5 years" in a print magazine with a circulation of "[u]p to 5 million" copies. Decl. of Christopher Pasatieri Ex. A (Dkt. #21-1). But Pasatieri has alleged only one use of his image, Compl. (Dkt. #1) ¶ 17, and he has supplied no evidence that *Cosplay Magazine* circulates even close to 5 million copies. The magazine's media kit suggest that its circulation is closer to 80,000. *See* Cosplay Culture, Media Kit, http://cosplayculture.com/sites/default/files/pictures/Cosplay%20Culture%20Media%Kit.pdf.

To be sure, Pasatieri asks for only $2,500 in damages, even though the Getty Images calculator provides an estimated license cost of $7,910. Decl. of Christopher Pasatieri Ex. A (Dkt. #21-1). But I cannot say that even a request of $2,500 is supported by Pasatieri's Getty Images estimate, because the parameters on which that estimate is based are so inapt. Indeed, when those parameters are shifted to more closely match the apparent use in this case, the resulting estimate appears to be in the hundreds rather than thousands. For example, a "[p]ublishing and editorial" license that covers use of a half-page photo "in the interior of an editorial-style publication or article intended to indirectly promote a product or service," would appear to cost only $840 for a publication that is circulated up to 100,000 times, for a period of up to three months.

*Cf. Terry v. Masterpiece Advert. Design*, No. 17-Cv-8240 (NRB), 2018 WL 3104091, at *4 (S.D.N.Y. June 21, 2018) (rejecting plaintiff's damages estimate derived from the Getty Images price calculator, when plaintiff employed parameters that did not appear to match those applicable to the infringing use).

## CONCLUSION

I deny the revised motion for damages without prejudice and with leave to renew. Absent an award of damages, I exercise my discretion not to award costs at this time. *See* Mem. & Order 11 (Jan. 14, 2020) (Dkt. #19). The plaintiff is directed to file any further motion for damages and costs within thirty days.

SO ORDERED.

      /s/ Rachel Kovner
      RACHEL P. KOVNER
      United States District Judge

Dated:     Brooklyn, New York
             October 6, 2020