UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHRISTOPHER PASATIERI,

                Plaintiffs,

      -against-

STARLINE PRODUCTIONS, INC.,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-4688 (RPK) (VMS)

RACHEL P. KOVNER, United States District Judge:

      Christopher Pasatieri filed this lawsuit alleging that Starline Productions, Inc. infringed his copyright in a Star-Wars themed image, in violation of 17 U.S.C. § 501, through the unauthorized publication of the image in Starline's magazine, *Cosplay Culture*. Pasatieri received a default judgment of liability against Starline. But his requests for damages have been denied without prejudice and with leave to renew because he lacked the evidence to support his money demands. Pasatieri returns with a further reduced request. His motion for damages and costs is granted.[*]

**DISCUSSION**

**I.   Pasatieri's motion for damages is granted.**

      Pasatieri's most recent motion for damages is granted. *See* Notice of Mot. 1 (Dkt. #24). Plaintiff requests that he be awarded $645.00 under 17 U.S.C. § 504(b). *See ibid.* A district court must "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Where, as here, a party seeks to recover actual damages under Section 504(b) of the Copyright Act, the proper rule considers "the fair market

---

[*] I assume the parties' familiarity with the facts and procedural history. *See* Mem. & Order 1-3 (Dkt. #23); *see also Dotel v. Walmart Stores, Inc.*, 627 F. App'x 42, 42 (2d Cir. 2016)

1

value of a license covering the defendant's infringing use." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001), *as amended* (May 15, 2001). There must be "some reasonable basis" for the computation of this value, *Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378, 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019), but "some difficulty in quantifying the damages attributable to infringement should not bar recovery," *On Davis*, 246 F.3d at 167.

Pasatieri has shown a reasonable basis for his $645.00 request: a "screenshot from the website of Getty Images, the leading stock photography agency, showing that [the] use of a Star Wars-related image may license upwards of $645.00 for use in a half-page periodical" with a "print circulation up to 100,000" for "publishing or editorial use" for "three months." Decl. of Richard Liebowitz ¶ 2 (Dkt. #25); *see id.*, Ex. A (Dkt. #25-1). That submission provides a "sufficient basis from which to evaluate the fairness" of his damages request without a hearing. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). The submitted image "resembles" the infringing photograph. *Bittichesu v. Lucia Lighting and Design, Inc.*, No. 20-CV-1612, 2021 WL 3354298, at *4 (E.D.N.Y. June 28, 2021).

And the estimate from Getty Images "results from []reasonable parameters." Mem. & Order at 4 (Dkt. #23); *Bittichesu*, 2021 WL 3354298, at *4 (assessing whether an estimate's "usage specifications mirror defendant's infringing use of the [p]hotograph"). This Court previously denied a $2,500 request from Pasatieri on the grounds that his estimate did not approximate the license needed to cover "the apparent use in this case," which would be a "[p]ublishing and editorial" license that covered use of a half-page photograph "in the interior of an editorial-style publication or article intended to indirectly promote a product or service" for a publication that is

circulated up to 100,000 times, for a period of up to three months. Mem. & Order at 4. (Dkt. #24). Pasatieri's submission reflects that he used these parameters to calculate an award of $645.00.

Following the practice in this Circuit, I find that plaintiff's estimate from the Getty Images price calculator here provides "adequate evidence of a comparable licensing fee." *McDermott v. NYFireStore.com, Inc.*, No. 18-CV-10853, 2021 WL 952455, at *3 (S.D.N.Y. Jan. 15, 2021), *report and recommendation adopted*, No. 18-CV-10853, 2021 WL 950507 (S.D.N.Y. Mar. 12, 2021); *see, e.g.*, *Schwartzwald v. Zealot Networks, Inc.*, No. 19-CV-5979, 2020 WL 8187749, at *3 (E.D.N.Y. Dec. 27, 2020), *report and recommendation adopted*, No. 19-CV-05979, 2021 WL 173996 (E.D.N.Y. Jan. 19, 2021); *Ozuzu v. Function(x), Inc.*, 2020 WL 4926247, at *1-*2 (S.D.N.Y. Aug. 21, 2020). Accordingly, plaintiff is awarded $645.00 in actual damages.

## II. Pasatieri's motion for costs is granted.

Pasatieri's motion for costs is also granted. *See* Notice of Mot. 1. Plaintiff requests $440.00 in costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. *See ibid.* Rule 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the federal rules, or a court order provides otherwise. No exception applies here. *See* 17 U.S.C. § 505. The practice in this Circuit is to award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients," *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987), so long as the prevailing party "adequately document[s] and itemiz[es] the costs requested," *Pennachio v. Powers*, No. 05-CV-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011). Plaintiff has documented that that these costs reflect $400.00 for the filing fee and $40.00 for service of process. *See* Decl. of Richard Liebowitz ¶ 3; *see* Summons (Dkt. #7). These costs are reasonable. Accordingly, plaintiff is awarded $440.00 in costs.

## CONCLUSION

Pasatieri's motions for damages and costs are granted. The Clerk of Court is directed to enter a damages award in accordance with this memorandum.

SO ORDERED.

                                                 /s/ Rachel Kovner
                                                 RACHEL P. KOVNER
                                                 United States District Judge

Dated:        August 9, 2021
                Brooklyn, New York